## EZEKIEL D. DYER, in Error, *versus* THE COMMONWEALTH.

On an indictment chaiging, that certain specified goods of one E. had been burglariously stolen, and that the defendant received the same goods, knowing them to have been stolen, a verdict was returned as follows : "The jury find the said D. guilty of receiving and aiding in concealing stolen goods, knowing them to have been stolen, but 'not knowing them to have been burglariously stolen." *Held,* that this was a special verdict ; and that it was insufficient to sustain a sentence, because it did not find that the defendant had received the goods described in the indictment.

AN indictment against the defendant alleged, that the dwellinghouse of Charles M. Endicott, in the night time, was burglariously and feloniously broken and entered by some person unknown, and certain specified articles of silver plate, of the goods and chattels of Endicott, in his dwellinghouse, were by such person feloniously taken, stolen, and carried away ; and that the defendant the same goods and chattels, so stolen, did receive, and aid in the concealment of the same, he " well knowing the same goods and chattels to have been stolen," against the peace, and against the form of the statute. (Revised Stat. *c.* 126, § 20.)

The defendant was tried on this indictment, in the Municipal Court, at October term 1836, when the jury returned the following verdict : " The jury find said Dyer guilty of receiving and aiding in concealing stolen goods, knowing them to be stolen, but not knowing them to have been burglariously stolen." Whereupon the defendant was sentenced to imprisonment ; and the case now came before this Court upon a writ of error.

The error assigned was, that no judgment or sentence could or ought to have been rendered on this verdict.

*Jan. 30th,*
*. 1840.*

*Sprague* and *Gray* said, that this was a special verdict, and that it was defective, because it did not specify the stolen property received, nor the county in which the defendant's offence

had been committed. *The King* v. *Francis*, 2 Str. 1015 ; *Commonwealth* v. *Call*, 21 Pick. 509.

S. *D. Parker*, County Attorney, cited Revised Stat. c. 126, § 20, 21 ; Howe's Pract. 258 ; *Porter* v. *Rummery*, 10 Mass. R. 64 ; *Bacon* v. *Callender*, 6 Mass. R. 304 ; 1 Chit. Crim. Law, 637, 638, 646 ; *French* v. *Hanchett*, 12 Pick. 15 ; *The King* v. *Williams*, 2 Campb. 646 ; *Rex* v. *Hunt*, 2 Campb. 583 ; *Rex* v. *Keite*, 1 Ld. Raym. 142.

SHAW C. J. delivered the opinion of the Court. If this is to be regarded as a special verdict, it is very clear, that it is defective and insufficient ; a special verdict should find all the material facts constituting the offence set forth in the indictment. *Rex* v. *Francis*, 2 Strange, 1015 ; *Commonwealth* v. *Call*, 21 Pick. 509.

But it is contended on the part of the public prosecutor, that this is to be deemed a general verdict, finding the defendant guilty on the indictment, with an exception or modification as to the prisoner's guilty knowledge. It is said, that one great object of the prisoner in his defence, was to bring his case within the 21st section of the statute cited, and thus save himself from the State-prison. That section provides, that upon a first conviction for receiving stolen goods, when the act of stealing was a simple larceny, if the party convicted shall make full satisfaction, he shall not be imprisoned in the State-prison. Upon the construction of this statute, probably it must be deemed immaterial, whether the guilty receiver knew that the goods were burglariously stolen or not. The provision is, if the act of stealing was a simple larceny ; but if the act of stealing was burglarious, it was not a simple larceny, and so not within the statute, although the receiver did not know of the burglarious theft. Still there is a discretion, in case of conviction on the 20th section, to punish by hard labor in the State-prison, or confinement in the county gaol.

But whatever may have been the intention of the jury, we think it impossible to consider this as a general verdict, or to distinguish it from the case of *Commonwealth* v. *Call*, decided last year.

It is said that the jury may find matter that is immaterial, and not within the issue, and that such superfluous matter will

Dyer
*v.*
Commonwealth.

Jan. 31st, 1840.

not vitiate the verdict. This is true, if the issue is found ; but the material facts put in issue, must be found, in order to warrant a judgment. And in any way in which we can view this verdict, we think it impossible to perceive that it finds the defendant guilty of the material acts constituting the offence, and charged in the indictment. It finds him guilty of receiving stolen goods, knowing them to be stolen, but not the goods mentioned in the indictment, or guilty in manner and form, &c. or any thing equivalent. Had it been proved to the satisfaction of the jury, that upon search of the defendant's premises, silver in ingots had been found, and there was ground to believe that it was produced by silver plate melted down, but no evidence to show that it was Endicott's plate, the jury might have returned the verdict which they did, meaning to leave the identity of the silver entirely undecided. But it is very clear that such a verdict would not have found the material facts, necessary to warrant a judgment on the indictment.

It is said that by making a pause after the word " stolen," knowing them to be stolen, and treating the last clause, " but not knowing them to be burg'ariously stolen," as surplusage, it may be considered a good general verdict. But we cannot perceive that such a reading, if justifiable, would aid it. It would still fail of finding the goods stated in the indictment or any of them, to have been received, which was the matter in issue, and such verdict would be true, if he had received any stolen goods knowing them to be stolen, though he had received no part of the goods stolen from Endicott.

A verdict may no doubt be good as a general verdict, though some fact is specially found, by way of exception or qualification. *Rex* v. *Williams*, 2 Campb. 646. It was said that in the present case, it was the object of the jury to find a general verdict, adding by way of qualification, a clause negativing the defendant's guilty knowledge of the goods being burglariously stolen. If such was the object, we think that they have failed to accomplish it. Had such been the purpose, it would, we think, have been done by a verdict finding the defendant guilty, " in manner and form," &c. with an addition, "but the jury also find that said defendant had no knowledge," &c. or " the jury find that the defendant did not receive the said goods, know

ing," &c. or some equivalent expression, showing that the jury intended to find all the facts as charged in the indictment, with some exception or qualification, or with the addition of some independent fact. As the record now stands, the Court are of opinion, that the verdict did not find the facts charged, that no judgment could or ought to have been rendered upon it, and that the judgment which was rendered must be reversed.

*Note.* The judgment being reversed, the prisoner was afterwards brought up on *habeas corpus* and discharged.